914 F.2d 255
 30 Wage & Hour Cas. BN 568
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jesus COLUNGA, Anastasia Colunga, Meliton Colunga, Cecilio
Colunga, Julian Colunga, Francisco Colunga, Rosa Maria
Colunga, Mary Lou Colunga, Juan Colunga, Claudio Juarez,
Lorena Juarez, Claudio Juarez, Jr., Elba Juarez, Ruth
Juarez, Guadalupe Juarez, Plaintiffs-Appellees,
v.
William G. YOUNG, Defendant-Appellant,
William G. Young's Evergreens, Defendant.
 No. 89-2155.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1990.
 
 1
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and SILER, Chief District Judge.*
 
 ORDER
 
 2
 Defendant, William G. Young, a pro se Michigan resident, moves for the appointment of counsel and appeals the district court's order, following a bench trial, entering judgment for plaintiffs in their action filed pursuant to the Fair Labor Standards Act, 29 U.S.C. Sec. 201 et seq., the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. Sec. 1801, the Federal Insurance Contributions Act, 26 U.S.C. Sec. 3101 et seq., and Michigan common law.
 
 
 3
 Plaintiffs, migrant farm workers, filed this action arising from their employment in Young's evergreen bough business between October 2 and November 21, 1985. Young employed plaintiffs to cut, gather, tie and load evergreen boughs, but plaintiffs alleged that Young did not pay them the wages he promised them for performing the work. Plaintiffs sought to recover unpaid minimum wages, liquidated damages under the FLSA, costs, attorneys fees, liquidated damages under the MSAWPA, payment of plaintiffs' portion of the FICA tax, damages under promissory estoppel, and declaratory and injunctive relief. Young filed a counterclaim for breach of contract.
 
 
 4
 A bench trial was ultimately held whereby the district court made findings of fact and conclusions of law in accordance with Fed.R.Civ.P. 52(a). The court entered judgment in favor of the plaintiffs, and found no cause of action on Young's counterclaim. Specifically, the court found that Young had violated the FLSA and was liable to plaintiffs for unpaid minimum wages in the amount of $4,725.20, and that plaintiffs were entitled to pre-judgment interest, costs, attorneys fees and a declaratory judgment that Young failed to pay them minimum wage. The court also found that Young violated the MSAWPA's wage payment, disclosure, and record keeping requirements, and was therefore liable to plaintiffs for statutory damages in the amount of $4,800, and that plaintiffs were entitled to a declaratory judgment that Young violated the MSAWPA. The court further found that defendant violated the FICA by not withholding or paying Social Security taxes, and that plaintiffs were entitled to an order directing Young to comply with IRS and Social Security regulations. Finally, the court found that plaintiffs had no cause of action under state law for promissory estoppel, and that defendant had no cause of action on his counterclaim.
 
 
 5
 The court later entered an order awarding pre-judgment interest, costs and attorneys fees, and later denied Young's motions for post-trial relief.
 
 
 6
 On appeal, Young moves for the appointment of counsel, and he basically challenges the district court's factual findings. Young also argues that the district court erred in its legal conclusions that he violated the FLSA and the MSAWPA.
 
 
 7
 Upon review, we affirm the district court's judgment as its findings of fact are not clearly erroneous. See Fed.R.Civ.P. 52(a); Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985). Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. See Anderson, 470 U.S. at 574. This case illustrates the classic situation of whose side of the story to believe. The district court chose to believe plaintiff's allegations that they were inadequately compensated for their labor. This credibility determination is accorded a greater degree of deference under Rule 52(a). See Anderson, 470 U.S. at 575. Consequently, the district court's factual findings support the court's legal conclusions that Young violated both the FLSA and the MSAWPA.
 
 
 8
 Accordingly, the motion for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief U.S. District Judge for the Eastern District of Kentucky, sitting by designation